**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7182**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEVELAND LAQUINCY GRIFFIN, a/k/a Q,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:07-cr-00926-JFA-1)

Submitted:  August 31, 2020                     Decided:  September 15, 2020

Before MOTZ, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Cleveland Laquincy Griffin, Appellant Pro Se.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Laquincy Griffin appeals the district court's order denying relief on Griffin's motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Although the district court agreed that Griffin's conviction for possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), was a covered offense under § 404(a) of the First Step Act, the district court explained that the Fair Sentencing Act of 2010 did not change Griffin's career offender Sentencing Guidelines range. The district court, which did not have the benefit of our recent decision in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), declined to consider Griffin's argument for a lower sentence based on his postsentencing efforts at rehabilitation and his argument that, under current sentencing law, he is no longer a career offender.

We held in *Chambers* that that "the First Step Act does not constrain [district] courts from recognizing Guidelines errors" and that "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing" 956 F.3d at 668. A district court conducting a resentencing under § 404 of the First Step Act also has the discretion to vary from the defendant's Guidelines range to reflect postsentencing conduct. *Id.* at 674. We therefore vacate the district court's order and remand to allow the court to address Griffin's arguments on the merits. We express no opinion on the merits of Griffin's First Step Act motion. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*